Can you pronounce it for me Mr. Sokolov? I say Koutsostamatis. Koutsostamatis. Everyone deserves to have their name pronounced correctly. Thank you. I hope that's correct your honor. May it please the court. Your honors the district court reversibly erred by ordering restitution because the expenses incurred by BP's private investigation at the government's request are not covered by 18 U.S.C. 3663 A.B. 4 the mandatory victim restitution act. The act requires defendants to reimburse the victim for lost income, necessary child care, transportation and other expenses incurred during the investigation or prosecution I'm sorry participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense. In Lagos the supreme court held that other expenses did not include a private investigation that was pursued prior to any government investigation. But didn't the government investigation in this case start within three hours of the first email? Yes it did your honor. So it strikes me it's a little bit different than Lagos right because the in Lagos it does seem purely private there's a bankruptcy proceeding there's all sorts of stuff that the company's doing that has nothing to do with the government investigation whereas here as as far as the record reveals everything BP was doing or at least all of the half a million dollars submitted under the MBRA that BP was doing was at the behest of the federal bureau of investigation. So that's correct your honor. So so why doesn't that make Lagos completely distinguishable? I I read Judge Higginson's concurrence with great care in that if the government was was the one requesting the investigation as opposed to the private company doing it on its own. Your honor I agree with your characterization of the facts completely and that the facts in Lagos are different than the facts here. But the question here as it was in Lagos is a question of statutory interpretation. The question is the nature of the expenses not whether the government requested the investigation or not and with regard to the construction of the term other expenses the supreme court answered that question in Lagos where the supreme court said that child care transportation and other expenses precede the term other expenses and they're the kinds of expenses that someone would incur to go help the government or testify in front of a jury or a grand jury. The court also made clear that the expenses of victim would often incur in private investigations that are at issue here or the cost of hiring private investigators attorneys and accounts are not covered by other expenses. So the court implied the principle of no expenses cabin the phrase other expenses and they've already done the analysis. Now true the court said the issue here is not presented because the investigation happened prior to the government starting its investigation but nevertheless the supreme court has already done the analysis of the term other expenses. So really the court can't uncrack the eggs. The supreme court did the analysis and as the court recently said in Reed the text is the alpha and the alpha court has told us what the text means. It's interesting you know Justice Breyer says that the text doesn't compel the result in Lagos and says that actually there's all these other considerations whether they're pragmatic or functional or he talks about the administrability issues associated with interpreting this provision to apply to a private investigation and for the stuff that isn't wedded to the text he seems to be almost exclusively focused as was Judge Higginson in his concurrence in that case on the fact that the government wasn't requesting and wasn't ordering and wasn't involved in the investigation that gave rise to the costs that were then compensable. So it seems odd you know I totally understand your textual argument makes complete sense and I understand what you're saying but I'm not sure what to do with all the rest of the stuff that's in that opinion that's where he specifically says it's not motivated or compelled even by the text it's all these other concerns that seem to not be present here. Well in support I mean I agree with your honor the analysis I am citing was cited in support of its conclusion so I agree that it didn't it wasn't like here's one reason and this is how we resolve the case so your honor is correct it's saying okay here's how we think we should decide it and the text of the statute supports how we think we should decide it so to that extent I agree but to the extent that the supreme court actually did that analysis I don't see how the court can do anything else because the supreme court has already decided it. I could go I guess on and on with some other point but my main point is that the supreme court has decided this that the supreme court told us in Lagos that the statute has to be construed narrowly as this court reiterated in a recent opinion in Hughes at 914 F3rd and so for those reasons and because in my view the term other expenses I request that you vacate the judgment and remand for an order with no restitution I'm sorry judgment with no restitution thank you your honor. I'm sorry to because you were wrapped up so lovely but I need to I do have a question I don't see the circuit breakdown in the briefing what's the circuit breakdown on this issue what circuits have construed this is that am I wrong on that you help help your honor I um the research I did following Lagos I haven't I mean I look back at the other cases but basically I think they're all over the map but since Lagos I found 13 cases that talk about Lagos um the two cases in this circuit aren't really on point one involves bankruptcy uh excludable or dischargeable debt one involves a prison account right I'm I was asking about other circuits I don't I want to see where we're in accord where we've differed how that's all you know your honor issue the the of the 13 cases I found um none of them really addresses this most of them just remand a lot of them are second circuit cases that say you know what Lagos came out it was after the sentencing remand decided so a lot of the 13 cases I found are like that there are the two cases in this circuit and the only other two cases one was sexton in the sixth circuit that basically said the district court it involved attorney's fees it said the cornelson out of the eighth circuit um held uh the court vacated the $250,000 in accounting attorney's fees for reconsideration in a wire fraud case so really no one has that I saw of the 13 cases has addressed this the two cases the sixth circuit and the eighth circuit um don't do any analysis but they you know do render a ruling on the award but they're more plain air or you know without analysis so I don't think there's anything out there since Lagos given my research that I could really break down for you thank you thank you answer my questions may it please the court loretta berry for the united states the forensic expenses that bp incurred participating in the government's criminal investigation fits squarely within the statutory text of 3663a now there's no dispute that bp the corporation is a victim under the mbra and there's no dispute that three hours after bp received the extortion email bp contacted the fbi the fbi directed bp to take certain forensic steps in order to identify the breach and in order to identify the suspect thereby incurring over five hundred thousand dollars in forensic expenses that the defendant concedes are appropriate at record 143 for this type of computer hacking now the defendant's objections are completely inconsistent with b4 expenses are all incidental expenses to someone is counter to the definition of victim in the mbra which is a person congress defined person in the dictionary act to include corporations companies partnerships associations societies as well as individuals it's interesting because the rest of 3663a refers to the context of a victim as if it's a natural person it talks about bodily injury obviously child care expenses travel expenses things that non-natural persons obviously wouldn't have so why isn't why are we talking about the text of the term the victim and how that appears in in this relevant subsection because this statute congress has not excluded those as victims under this statute the statute clearly covers bank fraud it covers which is the financial institution would be the victim even before the mbra your honor in the huey case and supreme court recognized that an unauthorized credit card use and in that case a financial a bank would be the victim as well as a credit card company now it's true that supreme court did use those examples your honor the examples of an individual natural person and a corporate employee but the supreme court used it in the context of distinguishing between participating in a criminal investigation and participating in a private investigation but what the supreme court did not do and the practical effect of what the defendant is asking this court to do is hold that the b4 expenses can only be limited to a victim who is a individual person and a corporate employee excluding all the other types of victims that are covered under this statute and certainly that wasn't the intent of congress these individual expenses that are referenced it's not commonly thought not everyone has children not everyone incurs a transportation cost but those expenses congress wanted to protect for individual victims but not to the exclusion of a corporation it just seems though that that's a very broad other expenses um you know and it doesn't seem to be in the company that it keeps um well you know if the company the types of expenses listed is it that you you can't add entirely different types of expenses you have to keep them similar to the types of expenses that are in the list well your honor two points on that first of all it's the united states position that the canons don't apply in this case because the statutory text is clear but even if the items in a series i mean why don't they apply the text says other expenses and it's a very broad thing and so it's appropriate to look in the series what are the types of things they're talking about well there's no unifying characteristic your honor and in they're all expenses that someone incurs when they go to office or a court when you have to go somewhere and uh report in either in a court or a law in the argument that it is someone and the statute is not so limited as to an individual person it covers corporations but it could have listed other lost business things businesses and they and they chose to only list these types of expenses they believe that congress wanted to protect those type of expenses right individual and they didn't care about the expenses for the company the congress did not speak because the congress wasn't worried about the individual but congress didn't i mean the company but congress didn't limit those expenses they didn't say that a victim only applied to a naturalized person and the procedural mechanism that the court looks at to make sure that there are protections and then there is some limitation to this so that is not so broad as to be just all kinds of expenses are within the statute itself your honor at 36 64 those procedural protections exist because it's the government's burden to come forth and show the court that these expenses the victim incurred whether it be a corporation or an individual were incurred during participation in the criminal investigation then the burden shifts to the defendant who will argue that they're unnecessary that they're not within the scope of b4 and then the district court exercises its discretion and resolves the dispute under preponderance of the evidence and that's exactly what happened in this case your honor judge lake was meticulous about sticking with the scope of b4 expenses in fact he excised an expense where b4 went to the trading floor in chicago and took some proactive measures to try to protect the security floor for the future and judge lake said those expenses did not fall within b4 and in fact in this case as well the defendant has argued that the expenses were appropriate for the computer hacking case now if there was actually if if this defendant had actually hacked into the system as opposed to the way he committed the crime and this computer system was therefore damaged right there was some flaw that had to be patched and they hired contractors and investigators and shared that information with the fbi would that kind of thing the repair to the computer system would that be compensable under the preceding subsection that is b1 that c1 which is the lost income section b1 is um in in the case of an offense resulting in a damage to loss or destruction of property then property because that would make some sense for a non-natural person right that you have property that belongs to in this case a non-natural person a company there's loss or damage to it and then there's all sorts of provisions about and i believe that you can have in certain cases the combination of restitution under different subsections together it's not just exclusive to one in that example i believe that would be correct your honor bp's expenses are consistent with the text and the purpose of the mvra the plain reading of the text does cover corporations even before the mvra as i mentioned the purpose of the mvra is to make the victim whole it can compensate the victim for those losses that are approximately caused by the defendant these losses would not have been incurred in the absence of the defendant's conduct and to place an artificial limit on this statute to say that it has to be incidental to a naturalized person really violates the text and the purpose of the statute but it also undermines the ability of the government to get assistance from the victims in prosecuting the case and you've said a couple times that you sort of take it as a given you infer that the purpose is to make the victim whole but what in the statute necessarily leads to that belief well that would be in the huey case so what in this the statute itself the language the first part of the statute your honor it's 36 63 a belief subpart a1 where it states that the mvra compensates victims for losses approximately caused by the defendant's conduct so also the point of b4 the statutory text recognizes that frequently the government needs assistance from victims in many many cases and there's really no difference under the statutory text if a individual person has a is their computer is hacked and the fbi asks them to come down to the office they take off work they have transportation costs there's no difference in the text between that and the fbi asking bp to take 44 of its own employees off their duties to do forensic work there's no difference between that and and the fbi asking bp to contract out with other companies to try to find the breach because the type of harm under the statute is exactly the same the type of harm is the expenses the victim incurs during participation in the government's investigation and the defendant should be on the hook for those expenses because he or she caused the loss getting back to the artificial limit excuse me that the defendant wishes to impose in addition to undermining the ability of the government to get help from the government there are two separate circuits that recognize pre-lagos and post-lagos specifically I'm referring to the DC courts in in Papagno where those courts recognized that corporations that assist in criminal investigations are able to recover restitution costs and the Supreme Court did not disturb those holdings and lagos if there's no further questions I respectfully request that the judgment be affirmed thank you with regard to the point that statute appears to talk about people and not corporations I'm think that's a very interesting point especially given what the Supreme Court said in lagos and how they interpreted this particular part of the statute and I just like to read that quote lost income child care expenses and transportation expenses are precisely the kind of expenses that a victim would like be likely to incur when he or she parentheses or for a corporate victim like GE comma its employees parentheses misses work and travels to talk to government investigators etc so I think it was very perceptive to point that out because the Supreme Court itself is taking note of the kinds of expenses in the statute and that the language applies to expenses that people incur in going to participate to help the government with its investigation for those reasons your honor I ask that you reverse and enter an order ask for a judgment in which there's no restitution thank you thank you thank you this case